Casey, Ch. J.,
delivered tbe opinion of tbe court:
' Tbe claimant avers tbat in tbe month of December, 1864, be was tbe owner of two hundred and nine bales of upland cotton, stored in tbe city of Savannah, Georgia; and tbat after tbe surrender of tbat city to tbe army of tbe United States, under General Sherman, tbis same cotton was seized by tbe United States, shipped to New York on them account, and there sold by tbeir cotton agent, and tbe net proceeds were paid into tbe treasury of tbe United States. Tbe claimant denies tbat Ms *425 property was liable to confiscation or capture. He avers bis allegiance and fidelity to tbe United States, an¿l tbat be bas never aided tbe rebellion.
We find tbe facts to be—
1st. Tbat tbe claimant in December, 1864, was tbe bona fide owner of two hundred and nine bales of upland cotton, stored in tbe city of Savannah, Georgia.
2d. Tbat this same cotton was seized by tbe officers and agents of the United States and shipped to New' York, and there sold; and tbat tbe net proceeds, amounting to tbe sum of thirty-five thousand and eleven dollars and sixty-eight cents, are now in tbe Treasury of tbe United States.
3d. Tbat tbe claimant bas not transferred or assigned these proceeds, nor are they claimed by any other person.
4th. Tbat from tbe commencement to tbe close of tbe rebellion, both in bis general sentiments and conduct, tbe claimant bas consistently adhered to tbe United States, and did not give intentional and voluntary aid or comfort to tbe rebellion, or to persons engaged therein; nor is any disloyal act alleged against him, except as stated in tbe next finding.
5th. Tbat tbe claimant resided in tbe town of Macon, in tbe State of Georgia, during tbe rebellion, and for many years prior to its commencement; tbat during tbe rebellion tbe claimant became a member of a military company of “home guards” in tbe town of Macon, which was organized to maintain order in tbe town, and for tbe protection of tbe inhabitants. In tbe summer of 1864 General Stoneman, in command of a detachment of United States cavalry, penetrated into tbe interior of Georgia, and was approaching tbe town of Macon. Thereupon tbe Confederate military commander of tbe post, by a military order, directed every able-bodied man capable of bearing arms to turn out and resist tbe approach and advance of tbe United States forces. Military patrols were sent out to scour tbe town and compel every man capable of bearing arms to turn out. Tbe company of “home guards” to which tbe claimant belonged came out as a company under these orders, and constituted a part of tbe military force engaged in resisting Stoneman’s approach to Macon. No personal service of tbe military order was made upon him, nor was any direct threat made against bis life, person, or property to compel him to march armed with tbe company. But be bad knowledge of such order and of tbe *426 means taken to enforce it, ancl complied with it without direct compulsion, but reluctantly and unwillingly.
Upon these facts the case is entirely free from all doubt, except upon the fifth statement of facts.
And we hold, as matter of law, that the facts there stated do not bar the claimant’s recovery, because they were not committed with the mind and intention of giving aid and comfort to the rebellion, or to persons engaged therein, but under the apprehension and fear of danger to his person and property if he failed to comply.
And in accordance with these views we render a judgment in favor of claimant for the sum of thirty-five thousand and eleven dollars and sixty-eight cents, ($35,011 68.)